IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

ERNESTO DAVILA,

Plaintiff,

v.

CORPORACION DE PUERTO RICO PARA LA DIFUSION PUBLICA,

Defendant.

CIVIL NO. 04-2002 (RLA)

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff instituted this action against the CORPORACION DE PUERTO RICO PARA LA DIFUSION PUBLICA ("CORPORACION") alleging discrimination in employment based on his age under Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621-634. Additionally, plaintiff has asserted age discrimination under the local discrimination statute, Law No. 100 of June 30, 1959, 29 P.R. Laws Ann. § 146 (2002) ("Law 100").

Defendant has moved the court to enter summary judgment and to dismiss the claims arguing that plaintiff has failed to meet his burden to establish age-based discrimination as well as on Eleventh Amendment immunity grounds.

The court having reviewed the memoranda filed by the parties as well as the evidence attached thereto finds as follows.

**BACKGROUND**

Plaintiff was appointed Chief Engineer with the defendant in August 2000 for a probationary 10-month period.

During his probationary period plaintiff's performance was evaluated on three different occasions by JORGE E. GONZALEZ-FONSECA, his supervisor.[1] Plaintiff's performance was found consistently unsatisfactory for which reason he was terminated.

Plaintiff argues that the aforementioned evaluations were part of a "conspiracy" to get rid of him; that MR. GONZALEZ-FONSECA was not a licenced engineer as required for his position as Director of the Engineering Department, and that he was not provided any type of training for his job in contravention to the applicable regulations.

In support of its motion for summary judgment defendant argues that plaintiff has not satisfied his prima facie burden of proof in this case because, given his poor performance record, plaintiff failed to meet his employer's legitimate job expectation. Further, even assuming that plaintiff complied with this initial burden, he failed at the last step, i.e., could not present evidence that the termination was a pretext to cover age bias.

**SUMMARY JUDGMENT**

Rule 56(c) Fed. R. Civ. P., which sets forth the standard for ruling on summary judgment motions, in pertinent part provides that

---

[1] The evaluations were carried out on December 15, 2000, March 3, 2001 and May 17, 2001.

they shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Sands v. Ridefilm Corp., 212 F.3d 657, 660-61 (1st Cir. 2000); Barreto-Rivera v. Medina-Vargas, 168 F.3d 42, 45 (1st Cir. 1999). The party seeking summary judgment must first demonstrate the absence of a genuine issue of material fact in the record. DeNovellis v. Shalala, 124 F.3d 298, 306 (1st Cir. 1997). A genuine issue exists if there is sufficient evidence supporting the claimed factual disputes to require a trial. Morris v. Gov't Dev. Bank of Puerto Rico, 27 F.3d 746, 748 (1st Cir. 1994); LeBlanc v. Great Am. Ins. Co., 6 F.3d 836, 841 (1st Cir. 1993), *cert. denied*, 511 U.S. 1018, 114 S.Ct. 1398, 128 L.Ed.2d 72 (1994). A fact is material if it might affect the outcome of a lawsuit under the governing law. Morrissey v. Boston Five Cents Sav. Bank, 54 F.3d 27, 31 (1st Cir. 1995).

"In ruling on a motion for summary judgment, the court must view 'the facts in the light most favorable to the non-moving party, drawing all reasonable inferences in that party's favor.'" Poulis-Minott v. Smith, 388 F.3d 354, 361 (1st Cir. 2004) (citing Barbour v. Dynamics Research Corp., 63 F.3d 32, 36 (1st Cir.1995)).

Credibility issues fall outside the scope of summary judgment. "'Credibility determinations, the weighing of the evidence, and the

drawing of legitimate inferences from the facts are jury functions, not those of a judge.'" Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). *See also*, Dominguez-Cruz v. Suttle Caribe, Inc., 202 F.3d 424, 432 (1st Cir. 2000) ("court should not engage in credibility assessments."); Simas v. First Citizens' Fed. Credit Union, 170 F.3d 37, 49 (1st Cir. 1999) ("credibility determinations are for the factfinder at trial, not for the court at summary judgment."); Perez-Trujillo v. Volvo Car Corp., 137 F.3d 50, 54 (1st Cir. 1998) (credibility issues not proper on summary judgment); Molina Quintero v. Caribe G.E. Power Breakers, Inc., 234 F.Supp.2d 108, 113 (D.P.R. 2002). "There is no room for credibility determinations, no room for the measured weighing of conflicting evidence such as the trial process entails, and no room for the judge to superimpose his own ideas of probability and likelihood. In fact, only if the record, viewed in this manner and without regard to credibility determinations, reveals no genuine issue as to any material fact may the court enter summary judgment.". Cruz-Baez v. Negron-Irizarry, 360 F.Supp.2d 326, 332 (D.P.R. 2005) (internal citations, brackets and quotation marks omitted).

In cases where the non-movant party bears the ultimate burden of proof, he must present definite and competent evidence to rebut a motion for summary judgment, Anderson v. Liberty Lobby, Inc., 477

U.S. at 256-257, 106 S.Ct. 2505, 91 L.Ed.2d 202; Navarro v. Pfizer Corp., 261 F.3d 90, 94 (1st Cir. 2000); Grant's Dairy v. Comm'r of Maine Dep't of Agric., 232 F.3d 8, 14 (1st Cir. 2000), and cannot rely upon "conclusory allegations, improbable inferences, and unsupported speculation". Lopez-Carrasquillo v. Rubianes, 230 F.3d 409, 412 (1st Cir. 2000); Maldonado-Denis v. Castillo-Rodríguez, 23 F.3d 576, 581 (1st Cir. 1994); Medina-Muñoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir. 1990).

**ADEA**

The ADEA makes it "unlawful for an employer... to discharge any individual or otherwise discriminate against any individual ... because of such individual's age." 29 U.S.C. § 623(a)(1). Under the ADEA, an employer is liable if age was the motivating factor in the employer's decision. "That is, the plaintiff's age must have 'actually played a role in [the employer's decision making] process and had a determinative influence on the outcome'." Reeves, 530 U.S. at 141; 120 S.Ct. 2097; 147 L.Ed.2d 105 (*citing* Hazen Paper Co. v. Biggins, 507 U.S. 604, 610; 113 S.Ct. 1701; 123 L.Ed.2d 338 (1993). Thus, in this case, plaintiff has the burden of establishing that defendant intentionally discriminated against him based on his age. *See*, Shorette v. Rite Aid of Maine, Inc., 155 F.3d 8, 12 (1st Cir. 1998). Where, as here, there is no direct evidence of discrimination, the plaintiff may prove his case through the burden-shifting framework set forth in McDonnell Douglas Corp. v. Green, 411 U.S.

792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Rivera Rodriguez v. Frito Lay Snacks Caribbean, 265 F.3d 15, 25 (1st Cir. 2001); Suarez v. Pueblo Int'l, Inc., 229 F.3d 49, 53 (2000); Feliciano v. El Conquistador, 218 F.3d 1, 5 (1st Cir. 2000). Under this framework, the plaintiff must prove that: (1) he was over forty (40) years of age; (2) his job performance was sufficient to meet his employer's legitimate job expectations; (3) he experienced an adverse employment action; and (4) the employer continued to need the services of the position claimant occupied. *See*, De La Vega v. San Juan Star, Inc., 377 F.3d 111, 117 (1st Cir. 2004); Gonzalez v. El Dia, Inc., 304 F.3d 63, 68 n.5 (1st Cir. 2002); Udo v. Tomes, 54 F.3d 9, 12 (1st Cir. 1995); Goldman v. First Nat'l Bank of Boston, 985 F.2d 1113, 1117 (1st Cir. 1993).

Once plaintiff has complied with this initial prima facie burden the defendant must "articulate a legitimate nondiscriminatory reason" for the challenged conduct at which time presumption of discrimination fades and the burden then falls back on plaintiff who must then demonstrate that the proffered reason was a "pretext" and that the decision at issue was instead motivated by discriminatory animus. Gu v. Boston Police Dept., 312 F.3d 6, 11 (1st Cir. 2002); Gonzalez v. El Dia, Inc., 304 F.3d at 69; Zapata-Matos v. Reckitt & Colman, Inc., 277 F.3d 40, 44-45 (1st Cir. 2002); Feliciano v. El Conquistador, 218 F.3d at 5; Santiago-Ramos v. Centennial P.R. Wireless Corp., 217 F.3d. 46, 54 (1st Cir. 2000). "At this third step

in the burden-shifting analysis, the *McDonnell Douglas* framework falls by the wayside because the plaintiff's burden of producing evidence to rebut the employer's stated reason for its employment action merges with the ultimate burden of persuading the court that she has been the victim of intentional discrimination." Feliciano v. El Conquistador, 218 F.3d at 6 (citing Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248, 256, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981)) (internal citations and quotation marks omitted).

> The required prima-facie-case showing generates a rebuttable presumption that the defendant-employer violated the ADEA. Whereupon, the burden of production -- as distinguished from the burden of proof -- shifts to the defendant-employer to articulate a legitimate, nondiscriminatory basis for its adverse employment action. Once this limited burden has been met by the defendant-employer, the presumption which attended the prima facie case vanishes and the claimant must adduce sufficient creditable evidence that age was a motivating factor in the challenged employment action. The plaintiff-employee may meet her burden of proof by showing that the employer's proffered reason for the challenged employment action was pretextual, from which the factfinder in turn may, but need not, infer the alleged discriminatory animus.

Gonzalez v. El Dia, 304 F.3d at 68-69 (citations omitted).

"Upon the emergence of such an explanation, it falls to the plaintiff to show both that the employer's proffered reasons is a sham, and that discriminatory animus sparked its actions." Cruz-Ramos v. Puerto Rico Sun Oil Co., 202 F.3d at 384 (citation and internal quotation marks omitted).

Defendant's "burden is one of production, not persuasion" Reeves, 530 U.S. at 142, 120 S.Ct. 2097, 147 L.Ed.2d 105, and "[a]t all times, the plaintiff bears the 'ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff.'" Gu v. Boston Police Dept., 312 F.3d at 11 (citing Texas Dept. of Cmty. Affairs v. Burdine, 450 U.S. at 253, 101 S.Ct. 1089, 67 L.Ed.2d 207). *See also*, Reeves, 530 U.S. at 143, 120 S.Ct. 2097, 147 L.Ed.2d 105.

The fact that the reasons proffered by the employer are discredited by plaintiff does not automatically mandate a finding of discrimination. "That is because the ultimate question is not whether the explanation was false, but whether discrimination was the *cause* of the [conduct at issue]. We have adhered to a case by case weighing. Nonetheless, disbelief of the reason may, along with the prima facie case, on appropriate facts, permit the trier of fact to conclude the employer had discriminated." Zapata-Matos v. Reckitt & Colman, Inc., 277 F.3d at 45 (citations omitted)(italics added); Reeves, 530 U.S. at 147-48, 120 S.Ct. 2097, 147 L.Ed.2d 105. "The question to be resolved is whether the defendant's explanation of its

conduct, together with any other evidence, could reasonably be seen by a jury not only to be false but to suggest an age-driven animus." Ronda-Perez v. Banco Bilbao Vizcaya, 404 F.3d 42, 44 (1st Cir. 2005).

Strict adherence to the *McDonnell Douglas* procedural paradigm is not imperative when ruling on a summary judgment. "'[A] court may often dispense with strict attention to the burden-shifting framework, focusing instead on whether the evidence as a whole is sufficient to make out a question for a factfinder as to pretext and discriminatory animus.'" Calero-Cerezo v. U.S. Dept. of Justice, 355 F.3d 6, 26 (1st Cir. 2004) (citing Fennell v. First Step Designs, Ltd., 83 F.3d 526, 535-36 (1st Cir.1996)).

It is important to note that the court's role is not to judge whether personnel decisions are correct or wise. Our role is limited to determining whether indeed plaintiff's termination was prompted by his age. "Federal courts do not sit as a super-personnel department that reexamines an entity's business decisions. No matter how medieval a firm's practices, no matter how high-handed its decisional process, no matter how mistaken the firm's managers, the ADEA does not interfere." Gonzalez v. El Dia, Inc., 304 F.3d at 69 (internal brackets and quotation marks omitted). *See also*, Loyal v. Hasbro, Inc., 380 F.3d 14, 19 (1st Cir. 2004) (relevant inquiry whether reason given by the employer is the real reason for its action and whether decision was based on plaintiff's age instead).

**ARGUMENT**

In order to meet his prima facie burden plaintiff must ensure there is sufficient evidence in the record for a reasonable factfinder to infer that his termination was due to his age. In other words, defendant's actions must have been age driven. In a summary judgment context the court must determine "whether plaintiff has produced sufficient evidence that he was discriminated against due to his [age] to raise a genuine issue of material fact." Zapata-Matos v. Reckitt & Colman, Inc., 277 F.3d at 45; Rivas Rosado v. Radio Shack, Inc., 312 F.3d 532, 534 (1st Cir. 2002). Thus, summary judgment will be denied if once the court has reviewed the evidence submitted by the parties in the light most favorable to the plaintiff it finds there is sufficient evidence from which a trier of fact could conclude that the reasons adduced for the charged conduct are pretextual and that the true motive was discriminatory. Santiago-Ramos v. Centennial, 217 F.3d at 57; Rodriguez-Cuervos v. Wal-Mart Stores, Inc., 181 F.3d 15. 20 (1st Cir. 1999).

Further, any testimony used in support of discriminatory motive in a motion for summary judgment setting must be admissible in evidence, i.e., based on personal knowledge[2] and otherwise not contravening evidentiary principles. Rule 56(e) specifically mandates

---

[2] Interestingly, plaintiff himself concedes as much and devotes a large portion of his motion to attacking the admissibility of the declaration submitted in support of the motion for summary judgment on the declarant's lack of personal knowledge.

that affidavits submitted in conjunction with the summary judgment mechanism must "be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Hoffman v. Applicators Sales and Serv., Inc., 439 F.3d 9, 16 (1st Cir. 2006); Carmona v. Toledo, 215 F.3d 124, 131 (1st Cir. 2000). *See also*, Quiñones v. Buick, 436 F.3d 284, 290 (1st Cir. 2006) (affidavit inadmissible given plaintiff's failure to cite "supporting evidence to which he could testify in court").

The only evidence of age discrimination animus presented by plaintiff in this case is a passing reference in his affidavit in opposition to defendant's request which, in pertinent part, reads as follows:

> 6. On various occasions I was approached by various colleagues which asserted that Mr. Jorge Gonzalez Fonseca had already made up his mind about the outcome of my probation period because he believed I was too old to hold the position of Chief Engineer in the [CORPORACION].

This vague statement will not suffice to establish motive in this case. Apart from the fact that no indication is made as to the identity of the individuals who purportedly made the remarks, this is a classic hearsay situation which contravenes the mandatory requirement of Rule 56(e). Plaintiff is repeating what other unknown persons told him. The affidavit must contain facts which are

admissible in evidence. Lopez-Carrasquillo v. Rubianes, 230 F.3d at 414. "Evidence that is inadmissible at trial, such as inadmissible hearsay, may not be considered on summary judgment." Vazquez v. Lopez-Rosario, 134 F.3d 28, 33 (1st Cir. 1998).

Based on the overall record construed in the light most favorable to plaintiff we find that, even assuming plaintiff met his prima facie burden, he failed at the last step of the McDonnell Douglas paradigm. In order to prevail in an ADEA case it is not sufficient for a plaintiff to discredit the reasons proffered by his former employer for the adverse action taken. It is imperative that plaintiff also demonstrate that the justifications given are but a pretext to veil the true reasons behind the challenged conduct, i.e., age bias.

Having examined the entire record in this case we must, perforce, conclude that there is not a single piece of admissible evidence for a reasonable trier of fact to conclude that plaintiff's termination was due to his age.

Accordingly, plaintiff's ADEA claim is hereby **DISMISSED.**

**LAW 100**

Law 100 is the local equivalent of ADEA providing for civil liability, *inter alios*, for age discrimination in employment.[3] De La

---

[3] In pertinent part, the statute provides:

> Any employer who... fails or refuses to hire or rehire a person... on the basis of... age... shall incur civil liability....

Vega v. San Juan Star, Inc., 377 F.3d at 119; Alvarez-Fonseca v. Pepsi Cola de Puerto Rico Bottling Co., 152 F.3d 17, 27 (1st Cir. 1998); Varela Teron v. Banco Santander de Puerto Rico, 257 F.Supp.2d 454, 462 (D.P.R. 2003). The statute initially requires that plaintiff present evidence that the action complained of - in this case dismissal - was taken without just cause[4] "which entails proving three elements: (1) that he or she was [not hired]; (2) that the [failure to hire] was without just cause; and (3) some basic fact substantiating the type of discrimination alleged." Varela Teron, 257 F.Supp.2d at 463 (footnote omitted). *See also*, De La Vega, 377 F.3d at 119 (citing Baralt v. Nationwide Mut. Ins. Co., 251 F.3d 10, 16 (1st Cir. 2001)) ("'Under Law 100, a plaintiff establishes a prima facie case of age discrimination by (1) demonstrating that [she] was... discharged, and (2) alleging that the decision was discriminatory.'"); Rodriguez-Torres v. Caribbean Forms Mfr., Inc., 399 F.3d 52, 62 (1st Cir. 2005) (sanctioning jury instructions which required plaintiff "to *prove* that she was in a protected class, that she was fired *and* that the termination was *unjustified*." (italics in original)).

---

29 P.R. Laws Ann. § 146.

[4] The Puerto Rico Supreme Court has determined that the term "just cause" in Law 100 will be construed in accordance with its definition in Law 80 an analogous statute applicable to unjust terminations of employment. Baez Garcia v. Cooper Labs., Inc., 120 D.P.R. 145, 155 (1987). *See also*, Alvarez-Fonseca, 152 F.3d at 28.

As previously noted, evidence regarding plaintiff's age discrimination is lacking. "Therefore, for the same reason that [his] ADEA claim fails, [his] Law 100 claim also fails." De La Vega v. San Juan Star, Inc., 377 F.3d at 119. *See also*, Gonzalez v. El Dia, Inc., 304 F.3d at 73 n.7 ("The district court order dismissing the Law 100 claim must be affirmed as well, since the merits of the age-discrimination claims asserted under the ADEA and Law 100... are coterminous.")

Accordingly, plaintiff's claim under Law 100 is hereby **DISMISSED.**

**ELEVENTH AMENDMENT**

The Eleventh Amendment to the United States Constitution bars the commencement and prosecution in federal court of suits claiming damages brought against any state, including Puerto Rico, without its consent. Fresenius Med. Care Cardiovascular Res., Inc. v. Puerto Rico and Caribbean Cardiovascular Ctr. Corp., 322 F.3d 56, 61 (1st Cir. 2003); Futura Dev. v. Estado Libre Asociado, 144 F.3d 7, 12-13 (1st Cir. 1998); In re San Juan Dupont Plaza Hotel Fire Lit., 888 F.2d 940, 942 (1st Cir. 1989); Ramírez v. P.R. Fire Serv., 715 F.2d 694, 697 (1st Cir. 1983); Fernández v. Chardón, 681 F.2d 42, 59 n.13 (1st Cir. 1982).

The Eleventh Amendment provides:

> The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced

> or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

Eleventh Amendment immunity applies even though the state has not been named in the suit. Its protection is extended to governmental entities which are deemed an arm or alter ego of the state. The principal factors to weigh in determining whether or not a particular entity qualifies as an alter ego of a state, are whether the agency exercises a governmental or a proprietary function and whether an adverse judgment will be satisfied from public or separate agency funds. Royal Caribbean Corp. v. Puerto Rico Ports Authority, 973 F.2d 8, 9-10 (1st Cir. 1992); In re San Juan Dupont Plaza Hotel Fire Litigation, 888 F.2d at 943-44.

Additionally, the analysis should include consideration of "the agency's degree of autonomy; the power of the agency to sue and be sued and enter into contracts; whether the agency's property is immune from state taxation and whether the state has insulated itself from responsibility for the agency's operations." M/V Manhattan Prince, 897 F.2d 1, 9 (1st Cir. 1990) (citing Ainsworth Aristocrat International Pty., Ltd. v. Tourism Co. of Puerto Rico, 818 F.2d 1034, 1037 (1st Cir. 1987)).

According to the declaration of NANCY PIÑERO, ESQ. Director of Defendant's Legal Division, approximately "ninety four percent (94%) of the Corporación's budget comes from Government assignment and only

around six percent (6%) of the Corporación's budget comes from its own earnings. Furthermore, any monetary award granted to Plaintiff in this case will come from the Commonwealth of Puerto Rico General Fund and not from the Corporación's budget." ¶ 4.

We find that based on the aforementioned uncontested evidence the defendant in this action is shielded by Eleventh Amendment immunity. Accordingly, even assuming plaintiff were to prevail in his ADEA claim the remedy in this case would be limited to prospective equitable relief. Monetary damages are precluded by the Eleventh Amendment. *See*, Kimel v. Florida Bd. of Regents, 528 U.S. 62, 120 S.Ct. 631, 145 L.Ed.2d 522 (2000) (finding ADEA's abrogation of the immunity provided by the Eleventh Amendment invalid). *See also*, Vizcarrondo v. Bd. of Trustees of Univ. of Puerto Rico 139 F.Supp.2d at 202 ("Equitable relief is an authorized remedy, notwithstanding Eleventh Amendment barring applicability of ADA and ADEA to the states under *Kimel*"). "Neither *Kimel*, nor Eleventh Amendment jurisprudence, prevents individuals... from obtaining injunctive relief against a state based upon the ADEA". State Police for Automatic Ret. Assoc. v. Difava, 317 F.3d 6, 12 (1st Cir. 2003).

Accordingly, all ADEA damages claims are hereby **DISMISSED.**

**CONCLUSION**

Based on the foregoing, Defendant['s] Motion for Summary Judgment (docket No. **17**)[5] is **GRANTED.**

Accordingly, the complaint filed in this case is hereby **DISMISSED.**

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 26th day of July, 2006.

S/Raymond L. Acosta
RAYMOND L. ACOSTA
United States District Judge

[5] *See also*, Defendant's Statement of Undisputed Material Facts (docket No. **18**, Plaintiff's Memorandum in Opposition(docket No. **23**) and Plaintiff's Opposition to Defendant's Statement of Undisputed Material Facts (docket No. **24**).